IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                              CASE NO. 5:09-cr-30-2/8/RS

ISRAEL LERMA and
AMY COOPER

_____/

## ORDER

Before me is Government's Notice of Potential Conflict and Request for *Garcia* Hearing (Doc. 68). A hearing was held on August 27, 2009, and September 15, 2009.

### I.   Background

On July 23, 2009, Defendant Lerma pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Because this offense involved more than five kilograms or more of a mixture or substance containing a detectable amount of cocaine and because of Lerma's prior convictions, he is facing mandatory life imprisonment. On July 28, 2009, Cooper was charged with one count of using a telephone in the facilitation of a felony in violation of 21 U.S.C. § 843(b) by superseding indictment. Defendants Lerma and Cooper have each retained counsel

from the law firm of Appleman, Shepard & Trucks, P.A.. Because both defendants are charged with offenses arising out of the same events, a potential conflict of interest exists.

In accordance with *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975), a hearing was held to determine whether Lerma and Cooper were aware of the potential conflict of interest that existed in being represented by attorneys from the same law firm and to ascertain whether both Defendants freely and voluntarily waived the conflict. At the first hearing, Lerma requested the assistance of independent counsel in making his decision. Lerma's request was granted (Doc. 169), the *Garcia* hearing was continued, and the Federal Public Defender was directed to appoint counsel for the limited purpose of discussing the potential conflict of interest that existed.

On September 15, 2009, the *Garcia* hearing was concluded. After repeated questions from the Court and the Government, and with the assistance of independent counsel, Lerma declined to waive the potential conflict of interest and requested that he be allowed to obtain new counsel. Cooper waived her potential conflict of interest and requested to keep her chosen attorney, Jim Appleman.

## II.     Conflict of Interest

The Sixth Amendment guarantees criminal defendants that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of

Counsel for his defense." As explained by the United States Supreme Court, "[T]he essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159, 108 S. Ct. 1692, 1697 (1988). "Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Id.* at 160, 108 S. Ct. at 1698.

Because Lerma refused to waive the potential conflict of interest, he is entitled to conflict-free counsel. *Garcia*, 517 F.2d at 278. Although Lerma is no longer represented by J. Karl Trucks, Florida Bar Rule 4-1.9 (Conflict of Interest; Former Client), as imputed by Bar Rule 4-1.10, applies to the representation of Cooper by Trucks' law partner, Jim Appleman. In Florida, "[a] lawyer who has formerly represented a client in a matter shall not thereafter . . . represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent . . . ." Fla. Bar R. 4-1.9(a). Furthermore, a court must disqualify an attorney in a matter concerning a former client when "the terminated employment had some substantial relationship to the pending suit" or when the attorney "has received some privileged information." *Cosette v. Country Style*

*Donuts, Inc.*, 647 F.2d 526, 530 (5th Cir. 1981). Disqualification is also appropriate if a potential conflict "could cause the defense attorney improperly to use privileged communications in cross-examination . . . ." *United States v. Ross*, 33 F.3d 1507, 1523 (11th Cir. 1994).

Because Lerma does not give his informed consent to the continued representation of Cooper by an attorney in the law firm of his former attorney, because Lerma's interests are materially adverse to Cooper's interests, because Mr. Trucks received substantial privileged information from Lerma during the course of his representation of Lerma, and because Cooper's attorney, Mr. Appleman, could potentially improperly use privileged communications in cross-examination of Lerma, Cooper's attorney is disqualified from further representing her in this matter.

**IT IS ORDERED:**

1. All attorneys affiliated with the law firm Appleman, Shepard & Trucks, P.A. are disqualified from representing either Lerma or Cooper.

2. Defendant Cooper shall retain new counsel of her choosing. If Cooper is unable to afford an attorney, an attorney will be appointed by the Court to represent her.

3. The suppression hearing originally scheduled for September 15, 2009, is rescheduled for **September 30, 2009, at 10:00 a.m. (CDT) in Panama City, Florida.**

4. Defendant Cooper's trial remains scheduled for October 5, 2009.

**ORDERED** on September 16, 2009.

                /S/ Richard Smoak
                **RICHARD SMOAK**
                **UNITED STATES DISTRICT JUDGE**